NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

August 18, 2021

Elroy A. Role
Modesta M. Role
P.O. Box 1761
Newark, NJ 07101
*Pro Se Plaintiffs*

Eric A. Reid, Esq.
Deputy Attorney General
Office of the Attorney General
25 Market Street
P.O. Box 112
Trenton, NJ 08625
*Counsel for Defendants Department of Community Affairs, Division of Housing and Community Resources, Scott Clauss, and Anthony Valdes*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:   Role v. Department of Community Affairs et al.**
         **Civil Action No. 21-11843 (SDW) (MAH)**

Litigants:

      Before this Court are Defendants Department of Community Affairs, Division of Housing and Community Resources ("DCA"), Scott Clauss ("Clauss"), and Anthony Valdes's ("Valdes") (collectively, "Defendants")[1] Motion to Dismiss Plaintiffs Eloy A. Role and Modesta M Role's (collectively, "Plaintiffs") Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendants' motion.

---

[1] Valdes and Clauss are employed by the Department of Community Affairs, Division of Codes and Standards, Bureau of Housing Inspection, not the Division of Housing and Community Resources.

**DISCUSSION**

A.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual attack to a court's subject matter jurisdiction. "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fail to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations omitted). In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003.

B.

Plaintiffs reside in a four-unit apartment complex in Newark, NJ. (D.E. ¶¶ 1, 11.) On or about March 15, 2020, Plaintiffs noticed water and/or sewage leaking into their bathroom from the unit above them. (*Id.* ¶¶ 4-6.) Plaintiffs subsequently notified their building manager, their landlord Richard G. Partyka ("Partyka"), and the DCA[2] of the unsafe conditions, and Valdes was sent to inspect Plaintiff's apartment. (*Id.* ¶¶ 7-14.) Plaintiffs allege that Valdes spent only "ten minutes" in their apartment and that nothing was done to remedy the leak. (*Id.* ¶ 14.) Another inspection held six weeks later also failed to remediate Plaintiffs' concerns and they continued to write to the DCA seeking assistance. (*Id.* ¶¶ 15-21.) On May 17, 2021 and again two days later, Clauss and two other DCA employees came to Plaintiffs' apartment. (*Id.* ¶¶ 23-28.) Plaintiffs allege that rather than conducting an inspection, Clauss "visited Plaintiffs' [apartment] in order to

---

[2] The DCA, through its Division of Codes and Standards, Bureau of Housing Inspection is "responsible for ensuring that hotels and multiple-family buildings of three or more dwelling units operating within the State of New Jersey are properly maintained and do not pose a threat to the health, safety and welfare of their residents, nor to the community in general." *See* https://www.nj.gov/dca/divisions/codes/offices/housinginspection.html, last visited Aug. 17, 2021.

harass, bully, intimidate, coerce, molest[], extort and menace Plaintiff[s]" in violation of their civil rights. (*Id.* ¶ 28.)

Plaintiffs filed suit in this Court on May 27, 2021, alleging that Defendants violated their rights under the Fourteenth Amendment and 42 U.S.C. §§ 1983 and 1985. (D.E. 1 ¶¶ 37-45.) Defendants moved to dismiss, and all briefing was timely filed. (D.E. 12, 13, 14.)

Turning first to Plaintiffs' §§ 1983 and 1985 claims (Counts One - Three),[3] Defendants argue that dismissal of those federal claims is warranted because they are immune from suit pursuant to the protections of the Eleventh Amendment. This Court agrees. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has interpreted that language to extend to suits brought in federal court by a citizen against his/her own state, regardless of the relief sought. *See Hans v. Louisiana*, 134 U.S. 1, 13-14 (1890); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Thorpe v. New Jersey*, 246 Fed. Appx. 86, 87 (3d Cir. 2007); *Trapp v. New Jersey*, Civ. No. 17-10709, 2018 WL 4489680, at *3 (D.N.J. Sept. 19, 2018). "Although the language of the Eleventh Amendment refers only to 'states,' arms of the state – including agencies, departments, and officials – are entitled to the protection of the Eleventh Amendment immunity from suit when the state is the real party in interest." *Trapp*, 2018 WL 4489680 at *3; *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Here, Plaintiffs have sued the DCA and Clauss and Valdes solely in their official capacities. (*See* D.E. 1 ¶¶ 38 (indicating that Count One is brought as a result of "the actions undertook [sic] by Anthony Valdes and Scott Clauss while acting under the color law [sic] of the state"), 40 (alleging that Valdes and Clauss were "acting on behalf of N.J. Community Affairs"), 42 (describing Valdes and Clauss as "policy makers at the New Jersey Department of Community Affairs").) As a result, Plaintiffs' federal claims will be dismissed with prejudice.[4]

---

[3] Although Plaintiffs identify Count Three as an independent claim for violation of their Fourteenth Amendment rights, such a claim may only be brought pursuant to § 1983. *See Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (recognizing that § 1983 does not itself, create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]"); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997). As such, Count Three is duplicative of Count One.

[4] Even if Plaintiffs had named Clauss and Valdes in their individual capacities, the Complaint fails to state facts upon which relief can be granted. To bring a § 1983 claim, "a [] plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *Hilton v. Whitman*, Civ. No. 04-6420, 2008 WL 5272190, at *4 (D.N.J. Dec. 16, 2008) (noting that the plaintiff must "identify the exact contours of the underlying right said to have been violated") (internal citation omitted). Here, Plaintiffs appear to allege that Defendants violated their rights under the Equal Protection clause of the Fourteenth Amendment, which provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A plaintiff raising an Equal Protection claim "must present evidence that s/he has been treated differently from persons who are similarly situated." *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010) (internal citation omitted). In other words, a plaintiff must

Plaintiffs' remaining claims sound in state law.  Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted).  This Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims brought against Defendant Partyka (Count Four).

**CONCLUSION**

Defendants' Motion to Dismiss Counts One, Two, and Three is **GRANTED with prejudice**.  This Court declines to exercise supplemental jurisdiction over the remaining state law claims, therefore, Count Four shall also be **DISMISSED** and this matter shall be closed.  An appropriate order follows.

                                                          /s/ Susan D. Wigenton
                                                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
         Michael A. Hammer, U.S.M.J.

---

allege that (1) they are a member of a protected class; (2) they were treated differently from similarly situated individuals; and (3) the disparate treatment was based on their membership in the protected class.  *See Kaul v. Christie*, 372 F. Supp. 3d 206, 254 (D.N.J. 2019); *see also Mascio v. Mullica Twp. Sch. Dist.*, Civ. No. 16-206, 2016 WL 4880511, at *3 (D.N.J. Sept. 13, 2016); *Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992).  The Complaint contains no allegations the Plaintiffs are members of a protected class, nor that they were treated differently than other similarly situated individuals.  Therefore, had they pled a claim against Clauss and Valdes in their individual capacities, dismissal would also be appropriate.